**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MISAEL ARZOLA-BERRIOS,      :
                        : Civil Action No. 12-4204 (SDW)
            Petitioner,     :
                        :
            v.             :       **OPINION**
                        :
UNITED STATES,           :
                        :
            Respondent.    :

**WIGENTON**, District Judge

Before the Court is Petitioner Misael Arzola-Berrios' ("Petitioner" or "Arzola-Berrios") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). The Government filed an Answer (ECF No. 13) to Petitioner's Motion, and on April 28, 2014, this Court conducted an evidentiary hearing.  For the reasons stated below, this Court DENIES Petitioner's Motion and DECLINES to issue a certificate of appealability.

## FACTUAL AND PROCEDURAL HISTORY

On March 29, 2007, a federal grand jury sitting in Newark, New Jersey, returned an eight-count Second Superseding Indictment ("Indictment") against Petitioner and his six co-conspirators, Ruben Soto, Arsenio Arzola, Benjamin Arzola, Domingo Hernandez, and Maximo Nieves ("Nieves").  (ECF No. 13, Resp't's Ltr. Br. ¶ 2; ECF No. 2-2, Second Superseding Indictment.)  Count One of the Indictment charged Petitioner and the co-defendants with conspiracy to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii) and 846.  The defendants were alleged to have obtained cocaine from one

another and others, and to have distributed cocaine to one another and others throughout Essex and Hudson Counties, in New Jersey and elsewhere, from October 199 through June 30, 2005. The defendants also were alleges to have stored narcotics and the proceeds from narcotics throughout Essex and Hudson Counties, and to have stored and used firearms to protect their narcotics trafficking activities. Finally, the defendants were alleged to have used telephones and to have conducted personal meetings to discuss narcotics sales and the collection of narcotics proceeds. (*Id.*)

Count Six of the Indictment charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (*Id.*)

Prior to the issuance of the Second Superseding Indictment, on March 14, 2007, the Assistant U.S. Attorney, Dennis C. Carletta, memorialized a plea offer to Petitioner and all co-defendants in a 3-page letter. (ECF No. 2-2.) Plaintiff rejected the offer.

On October 26, 2007, after a six week jury trial, Petitioner was convicted on both Counts and Six of the Indictment. This Court sentenced Petitioner on July 21, 2008, to a term of 188 months in prison on Count One and 60 months imprisonment on Count Six, to run consecutively to Count One, for an aggregate term of 248 months in prison. (*See United States v. Misael Arzola*, Case 2:06-cr-00569 (SDW) at ECF No.149.)

Petitioner appealed his conviction, and the United States Court of Appeals for the Third Circuit affirmed the judgment in all respects. *See United States v. Arzola*, 361 F. App'x 309 (3d Cir. 2009).

Petitioner then filed this Motion on April 9, 2012.[1]

---

[1] Petitioner initially characterized his Motion as a habeas petition under 28 U.S.C. § 2241. Petitioner's Motion would have been untimely filed except that co-defendant Arsenio Arzola

2

Petitioner raises five claims in support of his Motion.  First, petitioner argues that he was denied effective assistance of counsel, in violation of the Sixth Amendment, because Petitioner's counsel did not inform Petitioner that he could have entered an "open" guilty plea without going to trial.    Second, Petitioner contends that the Government engaged in prosecutorial vindictiveness by bringing a second superseding indictment against Petitioner adding Count Six (possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1(A)(i)), after Petitioner refused to accept a plea offer that contained a cooperation agreement.  (ECF No. 2.)  Petitioner next claims that this Court erred in its finding as to the quantity of cocaine attributable to Petitioner.  Petitioner further argues that there was insufficient evidence to support his conviction on Count Six.  Finally, Petitioner claims that juror misconduct deprived him of a fair trial.  (ECF No. 2-1.)

## LEGAL STANDARD

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).

In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and

---

petitioned the Third Circuit for a rehearing of an unsuccessful appeal.  Where one party files a petition for a rehearing, the Supreme Court filing deadline is extended for all parties.  *See* Supreme Court Rule 13(3).  Thus, the one-year filing deadline for this Motion likewise was extended for Petitioner.

citation omitted).  If "[the] petition allege [s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing."  *Booth*, 432 F.3d at 546 (internal quotation and citation omitted); *see also* Rule 8(a) of the Rules Governing § 2255 Proceedings.

Finally, "[i]t is the policy of the courts to give a liberal construction to pro se habeas petitions."  *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

## DISCUSSION

A.  Ineffective Assistance of Counsel Regarding "Open" Plea Alternative

Petitioner's first claim asserts that he was deprived of the effective assistance of counsel, in violation of the Sixth Amendment, because his trial counsel failed to inform Petitioner that he had the option of making an "open" guilty plea rather than proceeding to trial.  Petitioner relies substantially on *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005).

The Third Circuit has held that, in certain circumstances, a habeas petitioner states a plausible claim for ineffective assistance of counsel when he asserts that his counsel failed to advise of the possibility of entering an open plea, which would have reduced his sentence. *Booth*, 432 F.3d at 549.  In *Booth*, the defendant rejected a plea offer from the Government and countered with a different offer.  *Id*. at 544.  The Government declined the counteroffer and informed Booth's counsel that it would only allow Booth to plea if he "would give a proffer concerning his own culpability and the criminal involvement of any other participants" in the crime.  *Id*.  Because Booth did not want to cooperate against any of the other defendants, negotiations broke down, he proceeded to trial, and he was sentenced to 90 months in prison.  *Id*. After exhausting his appeals, Booth filed a § 2255 petition, alleging his counsel was ineffective, because he was not informed about all possible plea options, including an "open plea," which

4

would not have required Booth to cooperate with the government.  *Id*. at 543.  The district court denied the motion without holding a hearing, but the Third Circuit reversed, concluding that "a defendant has the right to make a reasonably informed decision whether to accept a plea offer" and that Booth raised a sufficient allegation that he would have accepted an "open plea" and was entitled to an evidentiary hearing on the merits.  *Id*. at 545, 549.  The Third Circuit stated: "We must accept that Booth would have truthfully admitted the conduct comprising counts one and two and any additional relevant conduct" and the court found that Booth likely would have received a reduction in sentence for accepting responsibility.  *Id*. at 548–49.  The Third Circuit ordered the district court to hold an evidentiary hearing on the question.  *Id*. at 550.

Like *Booth*, Petitioner argues that he would have accepted an open plea rather than going to trial, in the hope of a reduced sentence for acceptance of responsibility.  Petitioner claims that he had never maintained his innocence, and that he was amenable to a plea offer.   Indeed, the record shows that a global plea offer was made for all co-defendants, as memorialized by a March 14, 2007 letter from AUSA Carletta.  (ECF No. 2-2.)  However, Petitioner further claims that he did not accept the plea offer from the Government because it required his cooperation against his co-defendants, which he refused to do.  In light of Petitioner's assertions, this Court conducted an evidentiary hearing on the issue on April 28, 2014 .

At the evidentiary hearing, Petitioner's trial counsel, Michael Koribanics, Esq., testified. Mr. Koribanics first acknowledged that he did not specifically tell Petitioner that he had an option to plead to the indictment because the circumstances of the case indicated that Petitioner adamantly refused to inculpate his brothers.   (April 28, 2014 Transcript at 4:2-20.)   Mr. Koribanics stated that there were two plea offers made before trial.  The first offer, made on June 8, 2006, contained a cooperation agreement that would have required Petitioner to cooperate

against his co-defendants, which included Petitioner's two brothers.  This June 8, 2006 plea offer was "flatly rejected" by Petitioner.  (*Id.*, 4:21-5:24.)  The second plea offer was dated March 14, 2007, and it was a global plea offer requiring that either all of the co-defendants accept the plea or no one would be offered an individual plea agreement.  The global plea offer was not a cooperation agreement.  Mr. Koribanics did not recall Petitioner refusing that plea offer, but rather, the global offer fell apart because it required an agreement by all co-defendants.  (*Id.*, 6:7-7:9.)

Mr. Koribanics then reiterated that Petitioner was not going to take a plea offer because Petitioner would not inculpate his brothers or "give a factual basis [for his plea] that put the defendants in harm's way."  (*Id.*, 8:6-13.)   In short, throughout the proceedings and all discussions Mr. Koribanics had with Petitioner from the first indictment to the two plea offers and the second superseding indictment, it was plain to Mr. Koribanics that Petitioner would not stand up in court and allocate on the record against his brothers.  Mr. Koribanics admitted that he never had to discuss an "open" plea with Petitioner because the attorney fully discussed the mechanics of a plea with Petitioner, namely, that Petitioner would have to stand up in court and answer factual basis questions that would necessarily implicate himself and his brothers and other co-defendants in the case.  (*Id.*, 19:1-25.)

Petitioner also testified at the April 2014 evidentiary hearing.  On cross-examination by the Government, Petitioner admitted that he would not have agreed to a plea that would inculpate his brothers.  He also admitted that he understood now that an option to plead on his own before trial would have required him to admit to his involvement and the involvement of others in the criminal activities articulated in the Indictment, and he would not have wanted to do that.  (*Id.*,

6

26:1-27:10.)  Petitioner did state, however, that there were no discussions with Mr. Koribanics about the effect his guilty plea would have on his brothers.  (*Id.*, 27:15-18.)

To establish ineffective assistance of counsel, Petitioner must show (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Premo v. Moore*, ––U.S. ––, ––, 131 S.Ct. 733, 739, 178 L.Ed.2d 649 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Grant v. Lockett*, 709 F.3d 224, 234-35 (2013).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* further cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Indeed, the U.S. Supreme Court has reiterated that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).  Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial," the Supreme Court has admonished lower courts that the "*Strickland* standard must be applied with scrupulous care...." *Harrington v. Richter*, ––– U.S. –––, ––––, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011).  "It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence,'" however, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 131 S.Ct. at 788 (quoting *Strickland*, 466 U.S. at 690)(internal citations omitted).

7

Here, Petitioner alleges that he would have taken an open plea in court had he known about the possibility of receiving a lesser sentence without cooperating with the Government, but his trial counsel never informed Petitioner of this option to plea.  However, the evidentiary hearing confirms that, throughout the plea representations in this case, Petitioner adamantly refused to implicate his brothers in any plea.  Moreover, Petitioner admitted that he would not have allocated in open court as to his participation and his brothers' participation in the criminal activities set forth in the Indictment, which would have been required in the open plea option he believes should have been explained to him.  In short, Petitioner's claim is simply that his counsel never informed him of the option of an open plea.

This Court finds no deficient representation by Mr. Koribanics in this case.  Mr. Koribanics strongly recommended that Petitioner accept the initial plea offer of five years, which Petitioner declined because it contained a cooperation agreement that would have required him to inculpate his brothers.  Thus, after the second superseding indictment was brought, charging Petitioner with a § 924(c) offense that carried an additional, consecutive 60 months, Mr. Koribanics would not be expected to advise his client about entering an open plea, which carried a significantly higher sentence than the plea offer, especially when Mr. Koribanics plainly understood that Petitioner adamantly refused to inculpate his brothers in any way.

Finally, this claim fails because Petitioner cannot establish prejudice.  As emphasized above, even if counsel had informed Petitioner of an open plea, Petitioner makes clear that he would not have been able to allocute as to his brothers' involvement, and the plea would have failed.  Accordingly, Petitioner fails to demonstrate that he would have entered an open plea, let alone that his attorney unreasonably failed to inform him to enter into an open plea under the circumstances.

B.  Arguments Previously Made on Direct Appeal Are Barred

Petitioner also contends that this Court erred in its finding as to the quantity of cocaine attributable to Petitioner, and that there was insufficient evidence to support his conviction on Count Six.  The Government asserts that these claims were raised and addressed on Petitioner's direct appeal and are therefore barred.  (ECF No. 13, Resp't's Br. at 3-4.)  This Court agrees.

The Third Circuit has observed that "[m]any cases have held that Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'"  *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986) (collecting cases)).

Petitioner's arguments before the Third Circuit included his assertions that there was insufficient "evidence underlying [his] conviction[] for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)" and that this Court erred in its drug quantity findings at sentencing.  Arzola, 361 F. App'x at 311, 314.  The Third Circuit found no merit to these claims on appeal.  Petitioner now presents claims that are identical to those claims on appeal.  Accordingly, this Court will not permit relitigation of these claims.

C.  Remaining Claims Are Procedurally Defaulted and Lack Merit

Finally, Petitioner asserts that the Government was vindictive by seeking a second superseding indictment after Petitioner refused the March 14, 2007 plea offer, and that juror misconduct deprived him of a fair trial.  Petitioner failed to raise these claims on direct appeal.  Consequently, the Government contends that these two claims are barred by the doctrine of procedural default.

If a claim was not raised on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence.  *Massaro v. United States*,

538 U.S. 500, 504 (2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*. Under the cause and prejudice standard, "a convicted defendant must show both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Pelullo*, 399 F.3d 197, 220–21 (3d Cir. 2005) (quoting *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). To establish "cause" for procedural default, a defendant must show that "some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel." *Pelullo*, 399 F.3d at 223 (citations and internal quotation marks omitted). "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and internal quotation marks omitted). In addition, a procedural default caused by counsel's tactical decision, ignorance of the law or facts, or inadvertence that is short of constitutional ineffectiveness is binding on the habeas petitioner. *See Murray*, 477 U.S. at 485–87; *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("Where the basis for a ... claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.").

Here, Petitioner fails to demonstrate cause or some "external" impediment with respect to either claim of prosecutorial vindictiveness and juror misconduct. As the Government rightly

points out, it is "ludicrous" for Petitioner to claim that the second superseding indictment constitutes "new evidence." (ECF No. 13, Resp't's Br. at 4.)  Indeed, Petitioner appeared before this Court on April 5, 2007 for arraignment on the second superseding indictment, and he pled not guilty.   Thus, it is difficult to fathom that Petitioner was unaware or was prevented from discovering this claim earlier.  As to the juror misconduct claim, Petitioner does not even attempt to establish cause for his default.  Further, both claims were raised by Petitioner's co-defendants on their direct appeal, *see United States v. Arzola*, 360 F. App'x 287, 289 (3d Cir. 2010); thus, "demands of comity and finality counsel against" finding that Petitioner was unaware of these claims as cause for procedural default. *Engle*, 456 U.S. at 134.

Petitioner also cannot show actual prejudice as to these claims because they are substantively meritless.  For instance, Petitioner's claim of prosecutorial vindictiveness runs counter to well established precedent as set forth in *Bordenkircher v. Hayes*, 434 U.S. 357 (1978).  There, the Supreme Court held that due process is not offended when a prosecutor re-indicts a defendant on more serious charges after defendant refuses a plea offer.  *Id*.  The Third Circuit likewise acknowledged this principle.  "While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights," the Supreme Court has explained, "the imposition of these difficult choices [is] an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *United States v. Hodge*, 412 F.3d 479, 490 (3d Cir. 2005) (quoting *Bordenkircher*, 434 U.S. at 364).

As to the claim of juror misconduct, this Court questioned the juror at issue as well as the other jurors and found no misconduct.  Despite this finding, this Court removed the juror. Moreover, a District Court's evaluation of misconduct is accorded great deference by the Third

Circuit.  *See United States v. Console*, 13 F.3d 641, 667 (3d Cir. 1993).  Thus, there is no merit to Petitioner's claim sufficient to surmount his procedural default.

Finally, Petitioner cannot argue actual innocence to overcome default as he has maintained throughout this proceeding that he would have taken an open plea and is entitled to a new plea agreement.

## **CERTIFICATE OF APPEALABILITY**

For the reasons discussed above, this Court denies a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

## **CONCLUSION**

For the reasons set forth above, this Court DENIES Petitioner's Motion and DECLINES to issue a certificate of appealability.   An appropriate Order follows.

  *S/Susan D, Wigenton*
SUSAN D. WIGENTON
United State District Judge